Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEITH BYRD BEY,<br><br>*Plaintiff,*<br><br>v.<br><br>EDWARD A. JEREJIAN, et al.,<br><br>*Defendants.* | Civil Action No. 19-16660<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.** [1]

Presently before the Court is a motion for emergent relief filed by Plaintiff Keith Byrd Bey. D.E. 2 It appears that Plaintiff is seeking to prevent his eviction scheduled for Wednesday, August 28, 2019. The Court reviewed Plaintiff's submissions, D.E. 2 and D.E. 3, and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Plaintiff's motion is denied.

## I. INTRODUCTION

On August 15, 2018, the Superior Court of New Jersey, Hudson County, entered a foreclosure judgment against Plaintiff for delinquent mortgage payments on his[2] property in the Borough of Hasbrouck Heights, New Jersey (the "Property"). D.E. 1-2. Plaintiff is now challenging this state court judgment in federal court. *See* D.E. 1, D.E. 2.

---

[1] This matter is assigned to Judge Cecchi but due to the emergent relief sought, the matter was reassigned to the undersigned solely for purpose of addressing the emergent relief. This matter will be handled by Judge Cecchi moving forward.

[2] The Court assumes that it is Plaintiff's property. The issue is not entirely clear because Plaintiff indicates that the underlying foreclosure action was against the Estate of Veleria Nell Byrd. D.E. 1 at 2 ¶ 2.

Plaintiff filed his Complaint on August 14, 2019, alleging that the state foreclosure judgment is "in violation of Treaty Law and the Bill of Rights 4th and 5th amendments." D.E. 1 at 6. On August 22, 2019, Plaintiff filed this current motion for emergent relief, again challenging this state foreclosure judgment, "[p]ursuant to Article VI Supremacy Clause of the United States Constitution-Republic and the Northwest Ordinance 1787 Article II, III, IV." D.E. 2 at 1. Plaintiff also attaches, and apparently relies on, portions of "The Divine Constitution of Moorish America." D.E. 2 at 3. Plaintiff further cites to the "West New Jersey Charter of 1677," a 1786 "Treaty of Peace and Friendship" between Morocco and the United States, as well as certain common law principles. D.E. 1 at 3-6.

## II. ANALYSIS

"The grant or denial of a temporary restraining order or a preliminary injunction is within the discretion of the Court." *Fed'n of State Massage Therapy Boards v. Acad. of Oriental Therapy, LLC*, No. 13-06317, 2013 WL 5888094, at *1 (D.N.J. Oct. 28, 2013) (citing *American Exp. Travel Related Services, Inc. v. Sidamon–Eristoff*, 669 F.3d 359, 366 (3d Cir. 2012)). The decision to grant a temporary restraining order or preliminary injunction is governed by the same test, which requires the moving party to show the following:

> (1) that [he is] reasonably likely to prevail eventually in the litigation[,] (2) that [he is] likely to suffer irreparable injury without relief[,] (3) [that] an injunction would [not] harm the [defendants] more than denying relief would harm the plaintiff[,] and (4) [that] granting relief would serve the public interest.

*Id.* at *1-2 (citing *K.A. ex rel. Ayers v. Pocono Mountain Sch. Dist.*, 710 F.3d 99, 105 (3d Cir. 2013)).

2

At the outset, it is not clear that Plaintiff served notice of his motion on Defendants. Plaintiff also fails to give reasons why notice should not be required. As a result, his motion fails to meet the requirements of Federal Rule of Civil Procedure 65(b)(1).

Turning to the substance of Plaintiff's argument, he fails to show a reasonable likelihood of success on the merits. It appears that Plaintiff is arguing, through an amalgamation of old, foreign, constitutional,[3] and common law provisions that the Superior Court of New Jersey did not have proper authority to enter the foreclosure judgment. Yet, Plaintiff fails to cite to any actual cognizable legal authority that supports his challenge to the authority of the Superior Court of New Jersey.

In addition, to the extent that Plaintiff is attempting to have this Court review the underlying foreclosure proceedings, it appears that this Court is precluded from doing so pursuant to the *Rooker-Feldman* Doctrine. "The *Rooker-Feldman* doctrine precludes lower federal courts from exercising appellate jurisdiction over final state-court judgments because such appellate jurisdiction rests solely with the United States Supreme Court." *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)); *see also Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). In other words, the *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus., Inc.*, 544 U.S. 280, 284 (2005). The Third Circuit has ruled that the doctrine applies when four elements are met: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-

---

[3] Although not asserted by Plaintiff, the Court interprets his claims under the United States Constitution to be brought pursuant to 42 U.S.C. § 1983.

3

court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (citing *Exxon Mobil Corp.*, 544 U.S. at 284).

Here, all *Rooker-Feldman* elements are apparently met. First, Plaintiff lost in the state court foreclosure proceeding. D.E. 1-2. Second, Plaintiff now complains of injury suffered from this state court judgment – namely, the foreclosure sale of the Property and his pending eviction. D.E. 1; D.E. 2. Third, the state court issued its foreclosure judgment on August 15, 2018, D.E. 1-2 – about one year before Plaintiff filed his Complaint in this Court on August 14, 2019, D.E 1. Finally, Plaintiff is asking this Court to review and reject the state court's foreclosure judgment. D.E. 2. If Plaintiff is dissatisfied with the outcome of the state court proceedings, his recourse is to seek review in the state courts, for example, through New Jersey's appeal process.

There are a host of additional issues raised by Plaintiff's filing, such as the application of judicial immunity. However, given the time constraints imposed by Plaintiff's current motion, the Court does not reach the other issues. Suffice it say, for the foregoing reasons, Plaintiff has failed to meet his burden for the extraordinary remedy of temporary restraints and, as a result, his request for emergent relief is denied.

### III. CONCLUSION

For the reasons stated above, and for good cause shown,

**IT IS** on this 26th day of August, 2019,

**ORDERED** that Plaintiff's motion for a temporary restraining order, D.E. 2, is **DENIED**; and it is further

4

**ORDERED** that the Clerk's Office shall mail a copy of this Opinion and Order to Plaintiff by regular mail and certified mail return receipt.

                                                                                  _____
                                                                                  John Michael Vazquez, U.S.D.J.